# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES WALTHER, | : | Case No. 3:17-cv-257 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| FLORIDA TILE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. 7)

This unlawful termination case under Ohio's whistleblower statute, Ohio Rev. Code § 4113.52, is before the Court on the Motion for Temporary Restraining Order (Doc. 7) filed by Plaintiff James Walther ("Walther"). Walther, a former employee of Defendant Florida Tile, Inc. ("Florida Tile"), alleges that his former supervisor at Florida Tile called Plaintiff's prospective employers and current employer to interfere with his efforts to secure further employment in the tile industry. Walther seeks a temporary restraining order that would prohibit Florida Tile from communicating with his employer or any prospective employers regarding him and this litigation. Florida Tile filed a Memorandum in Opposition (Doc. 9) to the Motion for Temporary Restraining Order and the Court held a telephone conference on August 23, 2017, during which the parties made arguments on the record. This matter is therefore ripe for the Court's review.

As Walther has not presented evidence showing that he would suffer irreparable harm without the requested injunction, the Court **DENIES** the Motion for Temporary Restraining Order.

I. <u>**LEGAL STANDARD**</u>

The factors to be weighed before issuing a temporary restraining order are the same as those considered before issuing a preliminary injunction. *Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007). When deciding a motion for preliminary injunction, a district court must consider:

(1) Whether the movant would suffer irreparable harm without the injunction;

(2) Whether issuance of the injunction would cause substantial harm to others;

(3) Whether the public interest would be served by the issuance of the injunction; and

(4) Whether the movant has demonstrated a strong likelihood of success on the merits as to each claim.

*Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). While these factors are not prerequisites, but factors to be balanced together, a finding that there is no likelihood of irreparable harm or no likelihood of success on the merits is often fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). "The party seeking a preliminary injunction bears a burden of justifying such relief, including showing irreparable harm and likelihood of success." *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), quoting *Michigan Catholic Conf. & Catholic Family Servs. v. Burwell*, 755 F.3d 372, 382 (6th Cir. 2014).

## II. ANALYSIS

Plaintiff's Motion for Temporary Restraining Order fails because he has not shown that he is likely to suffer irreparable harm if the requested injunction is not granted. Plaintiff claims that his former supervisor at Florida Tile – a man named Jason Tackett – contacted Plaintiff's current employer on August 16, 2017 and discussed Plaintiff's employment. (Doc. 7-1 at ¶ 4.) Plaintiff also asserts that Tackett previously attempted to contact Plaintiff's prospective employers on at least four occasions. (*Id.* at ¶ 3.) Plaintiff does not know of any business reason why Tackett would call his current employer and therefore *fears* that Tackett is defaming him and attempting to sabotage his career. (*Id.* at ¶¶ 5-6.)

What is most significant about these assertions is what Plaintiff does not know. Plaintiff does not know what Tackett said to his current employer or what Tackett planned to say to his prospective employers. Plaintiff also does not know what his employer thought of the August 16th discussion with Tackett—assuming Tackett defamed Plaintiff—and whether the employer plans to take any action in response. Thus, there is no evidence that Plaintiff is in any real jeopardy of losing his current job or that he would be unable to secure other employment if he did. These are significant unknowns that make it impossible for Plaintiff to establish that he is likely to suffer irreparable harm without an injunction.

It is also significant that Plaintiff is currently employed, despite whatever actions Tackett might—or might not—have taken to sabotage Plaintiff's career. As Plaintiff stated during the telephone conference on his motion, what is at issue is Plaintiff's duty

3

to mitigate the damages on his claim for unlawful termination of employment under Ohio's whistleblower statute. Where a harm can be remedied by money damages, however, it is not irreparable. Plaintiff also asserts that the damage to his reputation would be irreparable, but, again, there is no evidence that anything defamatory was actually said about him.

A preliminary injunction "is an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). One "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573. Here, Plaintiff has not carried that burden.

### III. <u>CONCLUSION</u>

For the reasons above, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order (Doc. 7). The Court **VACATES** the hearing on Plaintiff's Motion for Preliminary Injunction, previously scheduled for August 31, 2017. The Court sets this matter for a Preliminary Pretrial Conference on October 12, 2017 at 10:00 AM. The parties should include a proposed date for the hearing on Plaintiff's Motion for Preliminary Injunction with the proposed calendar to be submitted following their Fed. R. Civ. P. 26(f) conference.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, August 25, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE