IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| JAMES WALTHER, | ) |
| Plaintiff, | ) CASE NO. 3:17-CV-257 |
| v. | ) JUDGE THOMAS M. ROSE |
| FLORIDA TILE, INC., | ) STIPULATED PROTECTIVE ORDER |
| Defendant. | ) |

Counsel for the parties, having conferred and agreed that the parties' production of discovery in this action may require the production or disclosure of proprietary, confidential and/or trade secret documents and information, and desiring to facilitate discovery in this action by entry of a protective order, do hereby stipulate and agree on behalf of themselves and the parties to the entry of a Stipulated Protective Order as follows:

1. Any information, documents, materials or items (collectively "Materials") produced or provided by any party during discovery in this matter or at any deposition, or hearing or trial in this matter, which the producing party deems to contain proprietary, confidential and/or trade secret information may be designated by the producing party as "Confidential."

2. Documents that are produced in the course of discovery marked "Confidential" shall be subject to this Order concerning confidential information as set forth below, until further order of this Court. The Order is also subject to the Local Rules of this Court on matters of procedure and calculation of time periods. Public records and other information or

documents that are publicly available may not be designated as "Confidential."

3. The producing party may designate material as Confidential by causing to be placed upon any Materials the term "Confidential," or similar words. The designation of any Materials as "Confidential" also will render any copies, excerpts, summaries or other disclosure of the substance or content of such material. Inadvertent failure to designate material as "Confidential" may be corrected by supplemental written notice within a reasonable time upon discovery of such inadvertent production. Upon receipt of the properly designated documents the receiving party shall return or certify destruction of the non-designated production set.[1]

4. Any Materials, or copies thereof, produced by any party in this litigation and designated Confidential and any information contained in said Materials or copies thereof shall be used solely for the purpose of the prosecution or defense of this action and shall not be used for conducting any other case or for any business or other purposes whatsoever.

5. For the purpose of conducting this litigation, information designated "Confidential" shall be disclosed solely to the following persons, unless additional persons are authorized by written agreement of the parties or by the Court:

    (a) the Court and its officers;

    (b) any party and any director, officer or employee of any corporate party with a need to know for the purposes of this litigation;

    (c) counsel of record for any party;

    (d) the paralegals and clerical personnel who are engaged in assisting counsel of record in this litigation;

---

[1] Certain limited materials, such as the personnel files of current employees or highly confidential information, may be produced as "Confidential – Attorney's Eyes Only," which shall not be shared with or shown to Plaintiff unless there is specific agreement by counsel or order by the Court.

(e) deponents in this action;

(f) court reporters and persons preparing transcripts of depositions;

(g) any jury empaneled in the trial of this matter; and

(h) any such persons other than those referenced above who are retained by counsel of record for any party to furnish technical or expert services and/or give testimony with respect to the subject matter thereof for trial of this action. Each such person referenced in this subparagraph and who is designated to receive Confidential material shall, prior to receipt of such material, execute an agreement to be bound by the terms of this Stipulated Protective Order in the form set forth in Appendix A.

6. A producing party may make such use of its Confidential Materials as it deems appropriate. A producing party may consent to the removal of a Confidential designation from Materials previously designated as Confidential by notifying counsel in writing or by stating so on the record at any hearing or deposition. The production of Confidential Materials and the execution of this Stipulated Protective Order shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Stipulated Protective Order. Neither the provisions of this Stipulated Protective Order, nor any disclosure by a party pursuant to this Stipulated Protective Order, shall constitute a waiver at any time, or in any other litigation, of the protections afforded by any applicable rules of evidence or any attorney-client or work-product privilege. Upon "Confidential" designation of Materials and subsequent objection to a

"Confidential" designation of such Materials, the Court shall decide if the Materials are "Confidential".

7. In the event that any additional persons or entities become parties to this litigation, their counsel shall not have access to Confidential Materials produced by the undersigned parties until the newly-joined party, by its or his or her counsel, and the existing parties to this action have so agreed in a Supplemental Stipulated Protective Order executed by all parties.

8. Nothing in this Stipulated Protective Order shall prevent disclosure of any Confidential Materials beyond the terms of this Stipulated Protective Order if the party from which the Materials originated consents in writing, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Nothing in this Stipulated Protective Order shall be construed as a waiver by any party of its right to object to any subpoena, request for documents, testimony or other discovery. The parties reserve the right to seek further protective orders from the Court in connection with any subpoenas or other discovery sought by Plaintiff or Defendants. Nothing contained herein shall prejudice the right of either party to object to the admissibility of the Confidential Materials subject to this Stipulated Protective Order for any reason permissible under applicable law.

9. Prior to filing any Confidential Materials (including the filing of any pleadings which incorporate, attach or disclose Confidential Materials) provided by or belonging to the other party or any third party, counsel shall so advise opposing counsel and counsel shall discuss whether to request that the Court seal such Confidential Materials in an envelope or other container marked to indicate that the same is subject to this Stipulated Protective Order and is to be retained under seal unless ordered by the Court to be opened. If the parties agree to

recommend such sealing and filing it shall be accomplished in accordance with the appropriate local court rules and any specific procedures of this Court for filing material under seal, including that the Court retains final discretion to determine which documents the parties may file under seal, pursuant to *Procter & Gamble Co. v. Bankers Trust Co.,* 78F.3d 219 (6th Cir. 1996). In such event, only persons authorized under the provisions of this Stipulated Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such Confidential Materials or to any testimony or oral statements disclosing the substance thereof. If counsel disagrees regarding the need for sealing of any Confidential Materials and cannot resolve such disagreement, the party seeking sealing may file an appropriate motion with the Court seeking approval for such filing.

By stipulating to this Order, counsel is not waiving the assertion of any laws, rules or arguments available to them in the context of discussions with the Court and subsequent filings related to sealing of any part of the record.

10. If a party intends to present Confidential Materials at trial, or information derived therefrom, such party shall provide advance notice to the other party at least ten (10) business days prior the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. Within thirty (30) days of the final termination of this action, including all appeals, all parties by their counsel of record will return or certify destruction of all copies of

Confidential Materials obtained from each other during discovery or during any hearing or trial in this matter.

12. Deposition testimony shall be deemed as Confidential Materials only if designated as such. Such designation shall be specific as to the portions of the transcript to be designated as Confidential. Thereafter, those portions of any deposition transcript so designated shall be protected as Confidential Materials under the terms of this Stipulated Protective Order.

13. In the event that any party disagrees at any stage of these proceedings with the designation of any information as Confidential, the parties shall first try to resolve such dispute in good faith on an informal basis before seeking the Court's intervention.

14. All documents produced in this case by a third-party shall be provisionally designated as "Confidential". Any party may permanently designate documents produced in this case by a third-party as "Confidential" by notifying the other parties of such permanent designation within ten (10) days of receiving the copies of documents produced by the third-party. Any challenge to a party's permanent designation of a third-party production as "Confidential" shall be resolved pursuant to Paragraph 12 of this Order.

15. If any party in this action receives any validly issued subpoena requesting Confidential Materials belonging to a party to this Stipulated Protective Order, the receiving party will notify the producing party as soon as possible, but never later than ten (10) business days from date of receipt, so that the producing party may take action as needed to object to the subpoena. Under no circumstances will the receiving party respond to the subpoena or the request to produce unless or until either the due date as outlined in the validly issued subpoena, as otherwise directed by the producing party provided that the producing party has filed with the

Court a motion to quash or some other motion to prevent or limit production, or as otherwise ordered by the Court.

16. This Stipulated Protective Order shall not be construed as an agreement or admission by any party or its counsel:

    (a) That any material designated as Confidential is, in fact, confidential; or

    (b) As to the authenticity or relevance of any document designated as Confidential.

17. This Stipulated Protective Order may be entered as an Order of the Court by consent of the parties and shall be binding as of the date signed by their counsel on their behalf.

IT IS SO AGREED:

/s/ *Craig T. Matthews (via e-mail consent)*
Craig T. Matthews, Esq. (0029215)
Craig T. Matthews and Associates, LPA
320 Regency Ridge Drive
Centerville, OH 45459
937.437.9393
937.434.9398 (FAX)
cmatthews@ctmlaw.com

*Attorneys for Plaintiff*

/s/ *Robert C. Petrulis*
Robert C. Petrulis (0040947)
Andrew S. Haring (0087213)
Ogletree, Deakins, Nash, Smoak & Stewart
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)
robert.petrulis@ogletreedeakins.com
andrew.haring@ogletreedeakins.com

*Attorneys for Defendant Florida Tile, Inc.*

So Ordered:

[signature] 3-12-18

6

## Exhibit A

I, _____, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order entered in *James Walther v. Florida Tile, Inc.,* USDC Southern District of Ohio, Western Division, Case No. 3:17-CV-257, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

_____
Signature

_____
Name