**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JAMES WALTHER, | : | Case No. 3:17-cv-00257 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| FLORIDA TILE, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff James Walther, a resident of Spring Valley, Ohio, originally filed this case in the Montgomery County, Ohio Court of Common Pleas asserting that his former longtime employer, Defendant Florida Tile, Inc., terminated his employment due to his whistleblower activities in violation of Ohio Rev. Code § 4113.52. Defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. Defendant Florida Tile is a Delaware corporation with its principal place of business in Lexington, Kentucky. Defendant employed Plaintiff at a branch office in Montgomery County, Ohio.

Once the case arrived in this Court, the parties began to conduct discovery and attempted mediation without success. Defendant presented Plaintiff with an offer of judgment, which went unrequited. The discovery deadline (May 24, 2018) has expired. A recent telephone status conference revealed that discovery is not fully completed. Defendant has not filed a motion for summary judgment. Trial is set to begin on December

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

10, 2018.

On April 13, 2018, near the close of discovery, Defendant filed its presently pending Rule 12(c) Motion for Partial Judgment on the Pleadings. It argues that Plaintiff does not have any viable claim under Ohio Rev. Code § 4113.52 for several categories of damages—specifically, compensatory, consequential, and punitive damages as well as damages for emotional distress. (Doc. #28, *PageID* #s 216-18).

Defendant's Rule 12(c) Motion is untimely: It punched the clock five months after the cut-off date (November 6, 2017) for filing such motions. Yet, Defendant recently filed a Motion "requesting retroactive approval of leave for Defendant's April 13, 2018 filing of its Motion for Partial Judgment on the Pleadings." (Doc. # 35). Its contentions: There is good cause for its motion for leave to retroactively file its Rule 12(c) Motion, and the Court's approval of Defendant's retroactive filing "will serve judicial economy by allowing the Court to address fundamental flaws in Plaintiff's case and prevent the undue multiplication of litigation contemplated by Plaintiff." *Id*. at 311. Defendant believes Plaintiff is contemplating the undue multiplication of this litigation.

Soon after Defendant filed its Rule 12(c) Motion, Plaintiff filed a presently pending Motion to Voluntary Dismiss Without Prejudice and Motion to Stay Defendant's Rule 12(c) Motion. (Doc. #s 29, 30). Plaintiff contends that voluntary dismissal without prejudice is warranted because the factors described in *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) support this dismissal under Fed. R. Civ. P. 42(a)(2).

In light of the above, the case has hit a procedural snarl: Should the Court rule on the merits of Defendant's Rule 12(c) Motion despite its tardiness and without regard to

Plaintiff's Motion for Voluntary Dismissal? Defendant answers "yes" to this question, hoping the Court will narrow the categories of Plaintiff's potential damages and prevent him from vexatiously litigating or unduly multiplying this matter. Plaintiff answers "no" to this question, hoping voluntary dismissal without prejudice will not limit the scope of his potential damages and will allow him to bring new claims in a newly filed case against Defendant and a new Defendant, his former supervisor Jason Tackett. Plaintiff explains that his new claims did not become apparent until Tackett's deposition. (Doc. #29, *PageID* #226).

Defendant maintains that Plaintiff seeks dismissal so that he can raise frivolous claims against Tackett—namely, intentional infliction of emotional distress and termination of Plaintiff's employment in violation of Ohio public policy. According to Defendant, Plaintiff intends to multiply the litigation in this way to increase his claim for attorney fees and seek a settlement that is more than the 100% offer of judgment that Defendant previously extended. Defendant believes that as of the date it extended its 100% offer of judgment (April 9, 2018), Plaintiff's entire case is moot particularly when a ruling in its favor on its Rule 12(c) Motion would limit Plaintiff's viable damages. (Doc. #33, *PageID* #254). Defendant also explains, "Plaintiff's desire is to…, re-file his case in state court (which Plaintiff has not expressly stated) against both Defendant and Jason Tackett (for the purpose of defeating diversity)…." *Id.* at 255. Although Defendant does not say that Tackett is an Ohio citizen, it appears he is because this would present the jurisdictional-destroying event—lack of complete diversity between the parties—Defendant refers to. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *see also Evanston Insur.*

3

*Co. v. Housing Authority of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).

Unraveling the procedural snarl begins with Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2) provides that, except as provided in Rule 41(a)(1), an action is not to be dismissed at the plaintiff's request except upon order of the court and upon such terms and conditions as the court deems proper." *Morgan v. Del Global Technologies Corp*., No. 3:05cv123, 2007 WL 3227068, at *7 (S.D. Ohio 2007) (Rose, D.J.). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co*., 33 F.3d 716, 718 (6th Cir. 1994) (internal citation omitted). Factors to consider when assessing whether a defendant will suffer plain legal prejudice are "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*. (citations omitted).

In the present case, Defendant has engaged in discovery and has attempted to resolve the case through mediation and an offer of judgment. Yet, the case has not advanced beyond discovery; some discovery remains to be completed. Defendant's recent Rule 12(c) Motion essentially turns the clock back to the pleading stage by attacking Plaintiff's Complaint. Defendant's efforts and expense in litigating the case have not advanced to the dispositive-motion stage—Defendant has not filed a motion for summary judgment—and the case is not close to the start of trial. The record, moreover, contains no indication that

Plaintiff has caused excessive delay or has lacked diligence in prosecuting his case. The delay in completing discovery is reasonably attributable to the parties' early efforts to resolve their differences. These factors taken individually or together indicate that no plain legal prejudice will befall Defendant as a result of permitting Plaintiff to voluntarily dismiss without prejudice.

But what about Plaintiff's explanation for seeking leave to voluntary dismiss without prejudice? He seeks dismissal so he can bring new claims against Defendant and Tackett, a new defendant, in light of Tackett's deposition testimony. Defendant contends that Plaintiff is improperly attempting to wipe the slate clean so he can start over in state court. This stings Defendant because it removed the case from state court based on this Court's diversity jurisdiction, and Defendant wants to remain in federal court. Yet, the problem is that adding claims against Tackett, if he and Plaintiff are Ohio citizens, would destroy the Court's diversity jurisdiction over this case. *See Strawbridge*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435; *see also Evanston Insurance*, 867 F.3d at 656. This case thus seems destined to return to state court (if the parties do not settle their differences). Better sooner than later, in the interest of promoting a just, speedy, and inexpensive resolution of the case. And the fact that Defendant faces "the mere prospect of a second lawsuit…," *Grover*, 33 F.3d at 718, does not show plain legal prejudice, especially when dismissal will not strip Defendant of a defense. *Cf. Rosenthal v. Bridgestone/Firestone, Inc*., 217 Fed. App'x 498, 500 (6th Cir. 2007) ("Courts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense. As we noted in *Grover,* "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to

5

potential liability by dismissing the case without prejudice.").

This returns the discussion to Defendant's Rule 12(c) Motion, which (as noted previously) seeks to limit the categories of damages that Plaintiff may recover under Ohio Rev. Code § 4113.52. Defendant believes that there is good cause for allowing it to retroactively file its partial Rule 12(c) Motion because it will serve judicial economy by allowing the Court to address fundamental flaws in Plaintiff's case. The presence of potentially fundamental flaws in Plaintiff's case is simply another way of saying that Defendant has faith in the merits of its Rule 12(c) Motion. This is not good cause for its untimely filing. Defendant also argues that good cause exists because allowing the Court to consider Defendant's Motion will prevent undue multiplication of the litigation. This, again, rests on the merits of Defendant's Rule 12(c) Motion. Whether the Court considers the merits of Defendant's Rule 12(c) Motion now or whether another court does so in the future will require the same judicial effort and will not unduly multiply the litigation as Defendant predicts. For these all these reasons, Defendant has not shown that good cause excuses its untimely Motion.

Additionally, because Plaintiff's Motion to Voluntarily Dismiss is well taken, dismissal without prejudice follows under Rule 41(a)(2). Given this, Defendant's partial Rule 12(c) Motion essentially seeks a prohibited advisory opinion on the viability of various categories of damages Plaintiff seeks. This is so because dismissal will leave no actual case or controversy pending between the parties in this Court or in any court, at least temporarily. *See Flight Options, LLC v. Intern'l Brotherhood of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017) (advisory "opinions may arise where the parties are not adverse, the

issue is moot, or the court cannot grant relief."). Assuming Plaintiff files a future case against Defendant, this Court should decline to presently advise the future-assigned judge what damages are available to Plaintiff under Ohio Rev. Code § 4113.52. And, nothing prevents Defendant from litigating the issues it raises in its Rule 12(c) Motion in a future case Plaintiff will, in all likelihood, bring.

Defendant lastly asks the Court to impose significant and meaningful conditions upon dismissal without prejudice, including costs, attorney fees, and the return of Defendant's unprotected documents.

"Although courts frequently impose defense costs on plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are mandatory. As a matter of law, then, defense costs need not be awarded." *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (internal citation omitted). "The Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Plaintiff, and any condition imposed should simply alleviate the harm that Defendants will suffer as a result of a dismissal without prejudice." *Nuovo v. Whitacre*, 2:10cv240, 2010 WL 3825376, at *5 (S.D. Ohio 2010) (Frost, D.J.) (citing *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, *2 (6th Cir. 1992) (unpublished decision)).

The record fails to indicate that Plaintiff brought this case vexatiously or in bad faith. Instead, the record reflects a *bona fide* effort by Plaintiff to seek redress for what he claims was the termination of his employment in violation of Ohio Rev. Code § 4113.52. Defendant, moreover, has incurred costs of discovery similar to Plaintiff's, and Defendant has not incurred extraordinary costs or fees in defending this action. The information

Defendant has gained in discovery will likewise be available for it to use in a future case Plaintiff might bring, and Defendant can easily refile its Rule 12(c) Motion, adjusting it as necessary to address pleading changes Plaintiff might make. Plaintiff's future case against Defendant can simply start where this case left off and, consequently, defense counsel's legal work in this case will likely be useful in Plaintiff's future case. For all these reasons, imposition of the conditions Defendant seeks upon dismissal without prejudice is unwarranted. *See Nuovo*, 2:10cv240, 2010 WL 3825376, at *5.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion To Voluntarily Dismiss Without Prejudice (Doc. #29) be granted, and the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 42(a)(2);

2. Plaintiff's Motions To Stay (Doc. #s 29, 30) be denied as moot;

3. Defendant's Motion For *Instanter* Leave To [Retroactively] File Motion For Partial Judgment On The Pleadings (And Reply Brief) (Doc. #35) be denied; and

4. Defendant's Rule 12(c) Motion For Partial Judgment On The Pleadings (Doc. #28) be denied without prejudice.

June 8, 2018                           *s/Sharon L. Ovington*
                                                  Sharon L. Ovington
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).