IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES WALTHER, | : | Case No. 3:17-cv-257 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| FLORIDA TILE, INC., et al., | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER OVERRULING OBJECTIONS (DOC. 40);
ADOPTING REPORT AND RECOMMENDATIONS (DOC. 39); GRANTING
PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT
PREJUDICE (DOC. 29); DENYING PLAINTIFF'S MOTION TO STAY (DOCS.
29, 30); DENYING DEFENDANT'S MOTION FOR *INSTANTER* LEAVE TO
[RETROACTIVELY] FILE MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS (AND REPLY BRIEF) (DOC. 35); DENYING WITHOUT
PREJUDICE DEFENDANT'S RULE 12(C) MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS (DOC. 28); AND TERMINATING CASE**

---

This case is before the Court on the Objections (Doc. 40) filed by Defendant Florida Tile, Inc. ("Defendant") to the Magistrate Judge's Report and Recommendations ("Report") (Doc. 39). In the Report, Magistrate Judge Sharon L. Ovington recommended that the Court grant the Motion to Voluntarily Dismiss Without Prejudice (Doc. 29) filed by Plaintiff James Walther ("Plaintiff") and deny Defendant's Motion for *Instanter* Leave to [Retroactively] File Motion for Partial Judgment on the Pleadings (and Reply Brief) (Doc. 35) and Rule 12(c) Motion for Partial Judgment on the Pleadings (Doc. 28). Magistrate Judge Ovington further recommended that Plaintiff's Motions to Stay (Docs.

29, 30) be denied as moot. Defendant filed Objections (Doc. 40) to the Report, and Plaintiff filed a Response (Doc. 41) to the Objections. This matter is now ripe for review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Defendant objects to the recommendations that (1) Plaintiff be permitted to voluntarily dismiss his lawsuit without prejudice, (2) the absence of any conditions imposed on Plaintiff in connection with Magistrate Judge's recommended without-prejudice dismissal, (3) the recommended denial of Defendant's Motion for *Instanter* Leave to File Motion for Partial Judgment on the Pleadings (and Reply Brief), and (4) the recommended denial (without prejudice) of Defendant's Rule 12(C) Motion for Partial Judgment on the Pleadings. (Doc. 40 at 1.) The Court addresses each of these objections in turn.

## I. Voluntary Dismissal Without Prejudice

Defendant argues that it would suffer unfair treatment and legal prejudice if the Court were to permit Plaintiff to voluntarily dismiss this lawsuit. Defendant refers to the information contained in its Opposition (Doc. 33) to Plaintiff's Motion to Voluntarily Dismiss with Prejudice and, indeed, its argument is very much a repetition of the arguments contained therein. The Court, however, agrees with Magistrate Judge Ovington's analysis of those arguments in her Report. Moreover, some of the arguments in Defendant's Objections do not describe prejudice that would be caused by dismissal of this lawsuit, but prejudice that Defendant claims to have already suffered due to Plaintiff's alleged litigation tactics. Even accepting these allegations as true, this prejudice has already occurred. It cannot be avoided, *ex post facto*, by denying Plaintiff's motion to

2

voluntarily dismiss this case. As Magistrate Judge Ovington noted, despite the age of this case, the parties have not progressed very far. Discovery has not been completed and Defendant has even requested leave to file a motion directed at the pleadings. The small delay in litigating this lawsuit caused by its dismissal from this Court and its resumption in another forum will not materially increase the significant amount of work already remaining in this case.

## II.     Dismissal Without Terms and Conditions

Defendant takes issue with the recommendation that no conditions be imposed on Plaintiff's dismissal of this case. Defendant specifically requests that Plaintiff be ordered to return Defendant's "unprotected documents" and pay Defendant's legal fees and expenses for services that will not be useable in Plaintiff's subsequent lawsuit. Magistrate Judge Ovington found that the payment of fees and expenses was not warranted because the "record fails to indicate that Plaintiff brought this case vexatiously or in bad faith. Instead, the record reflects a *bona fide* effort by Plaintiff to seek redress for what he claims was the termination of his employment in violation of Ohio Rev. Code § 4113.52." (Doc. 39 at 7.) Magistrate Judge Ovington further found that Defendant could use its work product in this case—such as its Rule 12(c) motion—in any subsequent case brought by Plaintiff. The Court agrees with these findings.

Defendant argues that the Report fails to specifically address the return of its documents. It is fair to surmise from the Report, however, that Magistrate Judge Ovington considered the return of Defendant's documents unnecessary and even counter-productive because they are likely to be relevant to Plaintiff's subsequent

lawsuit. If Defendant wanted to condition its provision of certain documents to Plaintiff on their return to Defendant at the termination of this lawsuit, it could have asked Plaintiff to enter into a protective order to that effect. The parties apparently did not do so. In the absence of such an agreement, the Court sees no reason to order it here and thereby inhibit "the just, speedy and inexpensive" resolution of the parties' dispute. Fed. R. Civ. P. 1.

### III.  Denial of Motion for *Instanter* Leave and Denial of Rule 12(c) Motion

Defendant argues that the Court has jurisdiction to rule on its Rule 12(c) Motion for Judgment on the Pleadings, despite the recommendation to dismiss the case. According to Defendant, the Magistrate Judge should not have considered Plaintiff's motion to voluntarily dismiss the case before considering the Rule 12(c) Motion. The Court disagrees. It would have been a waste of judicial resources to first consider a Rule 12(c) motion, especially one filed out of time, when the entire case might be dismissed. Having determined that the case should be dismissed, the Report then correctly declined to grant leave to file the 12(c) Motion.

Defendant also suggests that the Court should exercise its discretion to consider the Rule 12(c) Motion as a timely Rule 56 Motion for Summary Judgment. This would not be wise, however, where the parties have yet to complete discovery.

### IV.  Conclusion

In summary, the Court finds that Defendant's Objections (Doc. 40) to the Report (Doc. 39) are not well-taken and are hereby **OVERRULED**. The Court hereby **ADOPTS** the Report (Doc. 39) in its entirety and rules as follows:

1. Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (Doc. 29) is **GRANTED**; accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2);

2. Plaintiff's Motions to Stay (Docs. 29, 30) are **DENIED** as moot;

3. Defendant's Motion for Instanter Leave To [Retroactively] File Motion for Partial Judgment on The Pleadings (And Reply Brief) (Doc. 35) is **DENIED**; and

4. Defendant's Rule 12(c) Motion for Partial Judgment on The Pleadings (Doc. 28) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 13, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE